KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Troy & Valerie Whelton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy & Valerie Whelton,<br><br>    Plaintiffs,<br><br> vs.<br><br>Michael Sipes Law Firm; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Troy & Valerie Whelton, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Troy & Valerie Whelton (hereafter "Plaintiffs"), are adult individuals residing at 17205 West Carribean Lane, Surprise, Arizona 85388, and are each "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Michael Sipes Law Firm (hereafter "Sipes"), is a California business entity with an address of 9381 E. Stockton Blvd, Suite 116, Elk Grove, California 95624, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Sipes and whose identities are currently unknown to the Plaintiffs. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Sipes at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.  The Plaintiff Valerie Whelton incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.  The Debt was purchased, assigned or transferred to Sipes for collection, or Sipes was employed by the Creditor to collect the Debt.

11.  The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Sipes Engages in Harassment and Abusive Tactics**

12.  On or about August 1, 2011, Sipes placed a call to Mrs. Whelton's parents. Sipes informed these third parties that if Ms. Whelton did not return its call, then it would "send [the Debt] to Federal Court" in an attempt to collect the Debt. Sipes placed several calls to Ms. Whelton's parents with regard to the Debt.

3

13. Sipes placed one of its calls to Mrs. Whelton's parents at approximately 11:30p.m. Michigan time.

14. Mrs. Whelton returned Sipes's phone call to her parents and discussed the Debt. Sipes informed Mrs. Whelton that it would be taking the Debt to court and that it would seize her things to cover the Debt. To date, no such action has been taken.

15. Sipes placed a subsequent call to Mrs. Whelton in September 2011 in an attempt to collect the Debt.

16. Sipes used extremely abusive language when speaking with Mrs. Whelton, accusing her of "hiding behind her phone" rather than paying the Debt. Mrs. Whelton was extremely upset after speaking with Sipes.

17. Mr. Whelton placed a call to Sipes to determine why his wife was so upset. Sipes used extremely abusive language when speaking with Mr. Whelton.

18. Sipes asked Mr. Whelton, "Are the kids [Mr. and Ms. Whelton's children] not going to pay their bills too?"

19. Sipes asked Mr. Whelton, "What kind of husband are you, letting your wife not pay her bills?!"

20. Further, after learning that both Mr. and Ms. Whelton were in the military, Sipes sarcastically told Mr. Whelton, "It's nice to know we have people like you defending our country."

4

21. Ms. Whelton has asked that Sipes send her written correspondence about the Debt. To date, Sipes has failed to do so.

C. **Plaintiffs Suffered Actual Damages**

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants contacted third parties and failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

27. The Defendants informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt, in violation of 15 U.S.C. § 1692b(2).

28. The Defendants contacted third parties in regards to the Plaintiffs' debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

29. The Defendants contacted the Plaintiff Mrs. Whelton's parents before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

30. The Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

31. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

32. The Defendants used profane and abusive language when speaking with Plaintiffs, in violation of 15 U.S.C. § 1692d(2).

33. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

34. The Defendants threatened the Plaintiffs with seizure of their property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

35. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

36. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

37. The Defendants failed to send the Plaintiffs a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

38. The Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

39. The Defendants failed to send the Plaintiffs a validation notice stating the Plaintiffs' right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

40. The Defendants failed to send the Plaintiffs a validation notice informing the Plaintiffs of a right to have verification and judgment mailed to the Plaintiffs, in violation of 15 U.S.C. § 1692g(a)(4).

41. The Defendants failed to send the Plaintiffs a validation notice stating the Plaintiffs' right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated Arizona state law.

47. The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with abusive language and third party communications.

48. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

51. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

54. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

55.     As a result of the Defendants' intentional infliction of emotional distress, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

E. Punitive damages;

F. For Plaintiffs' statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 10, 2011				LEMBERG & ASSOCIATES, LLC


							By: */s/ Kindra Deneau*
							Kindra Deneau

							Attorney for Plaintiffs
							Troy & Valerie Whelton